*A. Hall*, for defendant.

HARROW *et. al. v.* LYON.

An order of the district court, dissolving a writ of attachment, vacates the attachment lien. Such lien is also vacated by a judgment against the plaintiff on demurrer, if rendered absolute by his failure to amend, or to except to the ruling of the court, on points of error for the supreme court. Where a judgment appears of record to be final against the attaching plaintiff, the attachment lien not revived as against third parties, if the judgment is subsequently reversed.

ERROR *to* Wapello District Court.

*Opinion by* GREENE, J. An action of right commenced by A. M. Lyon against M. and C. F. Harrow to recover the south-east one-fourth of the north-west one-fourth of section seventy-two north of range fourteen west.

We learn from the record in the case, that E. Cole pur-
chased the land in question of the United States, by virtue
of a pre-emption right, on the first day of March, 1845.   On
the fifth day of the same month Herman P. Graves, agent of
Seth Richards and C. W. Cowles, doing business under the
name of Seth Richards & Co., sued out a writ of attach-
ment, which was made returnable on the *third* day of the
next term of the district court.   The writ was issued against
said Cole and served by attaching the land in dispute.

On the tenth day of the same month, Cole conveyed the
land by warrantee deed to Francis M. Harrow, one of the
plaintiffs in error.   This deed was duly filed for record
March 11, 1845.

At the April term, 1845, of the Wapello district court,
Cole filed a demurrer to the declaration in the attachment
suit.   The demurrer was sustained and plaintiffs obtained
leave to amend their declaration within sixty days.   At the
same time Cole moved to dissolve the writ of attachment.
The motion was sustained and the attachment accordingly
dissolved.

At the next term of the district court, Cole confessed
judgment in favor of Herman P. Graves.   Upon this judg-
ment, a general execution was issued in favor of said Graves,
against Cole.   The execution was levied upon the land in
dispute, and it was sold at the sheriff's sale, to A. M. Lyon,
and the sheriff's deed was executed for the same, Novem-
ber 22, 1845.

Thus matters rested till 1847, when the case of *Graves* v.
*Cole* was taken to the supreme court by writ of error, and
at the June term, 1848, the judgment of the district court
dissolving the writ of attachment was reversed.   1 G.
Greene, 405 ; 2 ib. 467.

The foregoing facts were established beyond dispute by
the records, &c., adduced upon the trial of this cause.   Upon
these facts the court instructed the jury that the proof intro-
duced by plaintiff was sufficient to show a title in him, upon

which he was entitled to recover. This ruling of the court is now objected to, and involves but one question which we deem worthy of consideration.

Did the attachment lien, which was made March 5, 1845, in the case of Herman P. Graves agent of Seth Richards & Co., and *W. Cowles* v. *Ephraim Cole*, attach to the judgment and execution sale in the case of *Herman P. Graves* v. *Ephraim Cole*, and thus secure to Lyon's sheriff deed, executed November 22, 1845, a priority over Harrow's deed from Cole, which was recorded March 11, 1845?

If the attachment had never been dissolved, and if the record showed clearly that the judgment was rendered in favor of the plaintiffs in the attachment suit, we could at once answer this question in the affirmative. But as it is, there are two reasons why a negative answer must be given.

1. The order of the district court dissolving the writ of attachment, vacated the attachment lien. This principal was decided by this court in *Brown* v. *Harris*, 2 G. Greene, 505. In that case, it was held that an attachment is vacated by a judgment of non-suit; and that where a non-suit is set aside, and a new trial granted, the attachment lien vacated by the non-suit, is not revived. That decision we think clearly settles the case at bar.

From the moment the attachment was dissolved, the lien created by it was necessarily vacated, and the property released from the custody of the law. The order to dissolve was made by competent authority; it was unconditional; it placed upon record the fact that the land was released from the attachment incumbrance, and it remained as a final decision of the court, without any effort to change or disturb it, from April, 1845, till the writ of error was sued out in 1847.

2. The lien was not only discharged by the unconditional dissolution of the attachment; but it was also conditionally removed by the judgment which was rendered

against the plaintiffs on demurrer. Plaintiffs obtained leave to amend their declaration within sixty days. If they neglect to amend within that time, the judgment would be final against them ; the condition upon quashing the attachment would be removed and the lien discharged. The record does not show that any amendment was made or amended declaration filed. Hence, upon that point also the lien might be regarded as dismissed. In *Suydam* v. *Huggeford,* 23 Pick. 465, a judgment was entered in favor of the defendant on a feigned demurrer and it was held that such a judgment dissolved the attachment.

Over three years had elapsed before the judgment dissolving the attachment in the present case was reversed. During that period, there was nothing of record to show that this attachment proceeding could in any way operate as a lien upon the land in question. Appearing free from incumbrance, the land may have passed from one innocent purchaser to another, who, in the assurance of a perfect title, may have made costly improvements upon the property. If by reversing such a judgment the attachment lien should be revived and made to operate *ab initio*, it would often result in gross injustice and irreparable injury to third parties. To avoid such results, the right of attaching creditors should be governed by strict law, and if a creditor loses a priority of lien, either by negligence or want of regularity, he must abide the consequences, of his want of legal delinquency.

If in the attachment suit, the plaintiffs had at once taken exceptions to the decision, and had promptly taken it by writ of error to the supreme court, it might have been regarded as a suspension of the final decision upon the dissolution of the attachment, or as a continuance of that decision for the action of the supreme court. Such vigilance appearing of record, would be notice to all, that the decision was not to be considered final and might therefore without prejudice to third parties be adjudged as a continuance of the lien.

Governed as we should be in such cases by strict rules of law, there is another serious objection to the decision below in this case. It appears that the sheriff's sale, at which Lyon purchased, was authorized by a judgment confessed in the case of *H. P. Graves* v. *E. Cole* several months after Cole regularly deeded the land to Harrow. Now, the attachment was sued out in a case with other and different plaintiffs, viz: H. P. Graves agent for Seth Richards & Co. v. Cole. If there are two different suits as might be inferred from the record, it is obvious that the latter could not be benefitted by the attachment in the former suit.

On the whole, we are clearly of the opinion that the lien in the attachment suit was lost, by the decision dissolving the writ, that it was not revived against third person by the reverse decision in the supreme court, and consequently, that Harrow's deed from Cole has priority over Lyons' sheriff deed.

Judgment reversed.

*H. B. Hendershott*, for plaintiffs in error.

*Geo. C. Wright* and *W. H. Bennifield*, for defendant.